Ladies and gentlemen, the last case on the docket today is Putnam Energy, LLC, v. Superior Well Services, Inc. Clause number 5-12-0422. And Ms. Wild, you're up first and you may proceed. Thank you. Good afternoon, Your Honor. Let me apologize for the lack of air conditioning. However, this is an old building and things break down. So we do have a fan behind us here and so we're asking everybody to speak up a little bit so we can hear you. So we'll just kind of ask everybody to speak up if you can. Understood, Your Honor. If you need me to speak louder, please let me know. May it please the Court, I am Caitlin Ann Wild here on behalf of Plaintiff Appellant Putnam Energy. And the issue this appeal brings before this Court is when must a defendant invoke a form selection clause? The answer is at the outset of a case. Otherwise, under Illinois law, the right to do so is waived. Defendant Superior Well Services, Inc. did not invoke a form selection clause at the outside of a case. Therefore, Superior has waived its right to make an objection to forum for any reason, including based on a form selection clause. As such, this case should be remanded back to the Second Judicial Circuit Court of Crawford County, Illinois for further proceedings. Now, Illinois law dictates that objections to forum in the place of adjudication must be raised at the outset of a case before any other substantive issues are addressed. Specifically, the Code of Civil Procedure in sections such as 2-104, the Venue Statute, and the Jurisdiction Statute, 2-301, require that objections be raised right at the beginning. Otherwise, they are restly waived. Now, there is a pretty sound reason for this. Several, I believe, including that it prevents gamesmanship and forum shopping. It prevents a party from testing the waters in one forum before asking for a different one. And that is what Superior did in this case. It tested the waters in Crawford County with two motions to dismiss before asking for a different forum by invoking the forum selection clause. In response to the original complaint in this case, Superior filed a 2-606 motion to dismiss. After the first amended complaint was filed, it initiated discovery, and then in February of 2012, it filed a 2-615 motion to dismiss. Now, that motion argued that Putnam Energy had failed to adequately state a clause of action for breach of contract. The first motion was the contract is not attached and the terms are not adequately alleged, you know. Correct, which was why the first amended complaint was filed. And that motion was good. Actually, it wasn't. Was there a reason that the contract was not attached? Well, the reason the contract wasn't attached was that the contracts were destroyed. They were destroyed in a fire at the facility in Crawford County at the gas fields where they were kept. So, in the first amended complaint, there was an affidavit attached pursuant to Rule 606 explaining this to the court. Now, as I said, the 615 motion to dismiss did not raise forum selection. It addressed the adequacy of the pleadings in the first amended complaint. This motion was denied by the Crawford County Circuit Court in May. It wasn't until the following month that Superior raised in a motion for summary judgment the issue of the forum selection clause. There was no expressed reason given for why such an argument wasn't made until June of 2012, why it hadn't been made earlier in the case, whether or not any excuse would have made a difference. We believe it's unlikely, however, none was provided. Unfortunately for Superior Well Services, June 2012 was simply too late to seek enforcement of the forum selection clause after this case had gone on for months and included extensive motion patents. Were you relying on Dakota Civil Procedure on venue and jurisdiction? Is forum selection clause a different animal than venue or jurisdiction? We believe not, Your Honor. Unfortunately, we are unclear exactly how courts throughout Illinois treat forum selection clauses. It seems to us that they use the terms venue and jurisdiction kind of interchangeably, even within the same districts of the appellate court. So, we're not sure exactly how courts look at this and would appreciate any guidance this court is willing to give. Your position is it's one or the other, it's not a third thing. Exactly. And because the code covers those two things, and they say, of course, we believe you've got to assert it. Exactly. Now, we respectfully submit that it's venue. We think it fits better under venue than jurisdiction. However, we don't think it makes a difference in the end because both the venue and jurisdiction statutes say your first substantive filing has to raise an objection. Now, basically what happened in this case was that Superior asked the circuit court for a substantive ruling. It asked that the case be dismissed for failure to state a claim. However, it then denied that the circuit court could make such a ruling by saying that the forum was inappropriate. That is simply not allowed under Illinois law. And that is why we brought this appeal because we believe that the motion for summary judgment with respect to the forum selection clause certainly should have been dismissed and proceedings should have continued in Crawford County. At that point, issues of the enforceability of the contract, proof of the allegations, then could have been handled. At this point in the procedural posture of the case, none of those issues would have been addressed. But they should be addressed in Crawford County based on how long it took Superior to raise an issue of the forum selection clause. So unless the court has any questions for me right now, I say thank you. Thank you, Ms. Wild. Mr. Miller? May it please the court. Counsel, I'm David. The Millers spelled the R way and the W-E-L-L-E-R. And fortunately for me in some settings, this being one of them, there's never been anybody who has said they couldn't hear me. The downside to it is that I can't whisper and everybody hears me. Obviously, we're here because we profoundly disagree with the position of the Plaintiff Putnam. One thing we know for sure is we aren't arguing about whether this is an appropriate and enforceable forum selection provision. That is not an issue before the court. It is not a question which is raised in this appeal. We're talking about the attempt, I submit, to pound a square peg into a round hole or a round peg into a square hole. And by saying that a forum selection provision of a contract is the same thing as a venue motion under the venue provisions of the Code of Civil Procedure, which it clearly is not, or as they have attempted to erase for the first time in their appellancy brief, that perhaps this is a question of jurisdiction which should have been raised in the first instance. As we point out in our brief, Illinois appellate courts have consistently enforced forum selection provisions such as that which is involved in this case. And the reason is that they are an appropriate part of the bargaining process between two commercial parties. And in each of the cases, and we set them forth in our brief, the court has said that the motion was presented under Section 2619 and was allowed under Section 2619 as a motion for involuntary dismissal. Now, it is somewhat curious to me, and as I go through the years practicing law, I find my curiosity arises possibly as often as it is satisfied, that in the motion for involuntary dismissal, you aren't seeking, when you're seeking the enforcement of a forum selection provision, to have a judgment entered involuntarily dismissing the case. And that's why we captioned ours as a motion for dismissal without prejudice. There is no prejudice to them filing the case in the Court of Common Pleas of a Indiana county, Pennsylvania, as the trial court found. So let me ask you more or less the same question I asked Ms. Wildman. I mean, you assert that a forum selection clause is a third thing and not venue or jurisdiction under the Code. Well, recall that there are two types of jurisdiction. There's in-person jurisdiction, which is what she's talking about, that must be raised or it would be weighed. There is also subject matter jurisdiction, which I think is more closely where this falls. Under Section 2619.1, one of the grounds is the court does not have jurisdiction of the subject matter of the action. And I think that's where the Rubino, Alenka, Yamada, and Dase cases all come down, each of which was decided by the allowance of a 2619 motion to a dismiss. My point is, though, that you would maintain that the sections of the Code that require that you raise this issue in your initial pleading would not apply to a forum selection clause. I have to, again, say yes and no, as we lawyers are wont to do. Because, as you would look at the waiver provision, bearing in mind, and I've got to go back to the history here, they filed a contract claim. Okay, I guess I should have just asked what my main question was without trying to lead up to it. Okay, well, that was fun. Is it your claim that waiver does not apply at all to a forum selection clause? That is our position. So you would say that the morning of jury trial, you could be in discovery for three years, and you look back at the jury panel and say, I don't like their looks. We're filing a motion to dismiss based on forum selection clause. No. Okay, then waiver does apply. Well, waiver does apply. Under 2619, you've got to bring it within the time for pleading. And that's when it was brought here, within the time for pleading. So I don't think we could be at issue and tendering the jury instructions and say, by the way, this court doesn't have jurisdiction, subject matter jurisdiction or whatever could have been presented. Now, if it was a motion for summary judgment, the motion for summary judgment can be brought at any time. And our motion, because to be quite frank, you know, I was at a loss. I don't think that we would be entitled to a substantive judgment in bar of the claim. But nonetheless, you know, which of these categories does it fall in? It is not an intrastate motion to transfer a venue from one county to the other, which Section 104 deals with. And I will direct the court's attention to Section 104 as it is set forth in the briefs. The language there, even if we were to assume that this is a venue provision, the motion can be made within any further time that may be granted him or her to answer or move with respect to the complaint. Historically, what we did here, we had a contract claim. We said, where's the contract? And ultimately, they came up and said the dog ate it like the dog eats the homework. And therefore, we don't have the contract. Then they filed an amended pleading, which based upon what we had in our file, which is the contract supported by the affidavit, doesn't resemble it in any sense. Instead of saying that number 55 agreed, frac saying, and a U-230 resin were to be used, as the contract says, it says they just used improper resin. It's pleading a contract claim essentially in court using the buzzwords of appropriate and improper. So we said that is inadequate, all the time seeking to have them plead the contract. Because if they have a contract and they plead a contract, then we can move for a judgment on the pleadings because we know what provisions the document we think is the contract contains. And when we get down to the hearing on our motion for summary judgment, Putnam comes in on the day of the hearing with a response that includes the affidavit of the President, Terrence O'Malley, in which he says, I don't think that the contract that we had was superior had any forum selection provision. So even then, they're playing hide the potato, as I would refer to it, with us on what is the contract. All we wanted was to get to what document is going to be the contract so we would know what the provisions are. Discovery, as she points out, was conducted and we asked for any documents that could amount to the contract. And when we got to those materials, we said, well, obviously they aren't saying that there is some other writing that makes up the contract. Therefore, this must be it. And at that point, when we have the extended time to plead, we raise the forum selection provision under 2619. Let's make sure I'm not confused here. At the time of the 2619 motion hearing, was there a factual dispute between the parties about whether or not that contract was the contract? No. Everybody agreed by that? That's right. Everybody agreed that that was the writing that was the contract between the parties. They raised the exception under the United States Supreme Court decision in Bremen that maybe this is too harsh to say that you've got this one limited jurisdiction. But that was never argued. That was never raised by the briefs thereafter. And if we want to talk about waiver, that is not an issue before this court. So we submit that we have a valid forum selection provision that is properly raised and was properly enforced by the trial judge in this case, and the trial judge's decision dismissing without the prejudice should be affirmed. Thank you very much. Mr. Miller, right? Miller. Thank you, Mr. Miller. It is a pleasure to appear before this court. I have argued cases in the first, second, third, and fourth, but this is the first time. And as you can see, I've got some gray hair. And if I don't get it done, I'm not going to make the circuit. Thank you. Ms. Weil, rebuttal? Thank you. In rebuttal, I would just like to say no matter which of the scenarios we seem to be tossing around here, and yes, I think it's an important issue, whether it's venue, jurisdiction, contract, or whatnot, we respectfully submit that doesn't change the issue of waiver. We believe waiver applies. We concede the only way it might not apply is in a situation such as subject matter jurisdiction. However, that does not seem to be an issue here given the fact that Illinois courts are general jurisdiction. They could suffer specific issues that must go, for example, to federal courts. Of course, that is not what is before us right now. So even if it's looked at as even just a contract provision, we believe their conduct in the course of the case shows that they've waived. We haven't disputed that the contracts provided to us in discovery and in the motion for summary judgment are the contracts. However, we believe that based on the wording of the form selection clause, assuming that it's enforceable, which is an issue we've reserved the right to argue in an appropriate time, they still had the burden of bringing this up at the very beginning of the case. The terms are that any litigation arising from this agreement or the provision of the product by Superior to a customer, which would include even a product liability case that wasn't brought expressly under a contract, for example. So as long as Superior knew this contract existed and all evidence in the record suggests that they knew it since before the case was brought, they knew this form selection clause could apply if it wasn't enforceable, regardless of the actual type of claim that was filed. Given that fact, given the discovery, given the fact that their time to file a pleading was used up with a 615 motion to dismiss the person around and not a motion based on the form selection clause, we believe waiver applies, and however it is sliced in this case, Superior waived its right to bring a form selection argument. Thank you. All right. Thank you all for your briefs and your arguments. We'll take this matter under advisement and issue a decision in due course. The court is dismissed.